LYON v. LEAVITT, et al.

1. A surety for the payment of the purchase money of land, may be entitled to subrogation of the vendor's mortgage, in case of payment, but when this is conceded, it will not warrant him in resisting payment, on the ground that he can not have relief under the mortgage, unless the vendor relieves a prior incumbrance created by himself. A surety is bound in the same manner and to the same extent as his principal, and if the latter is satisfied with the purchase, it can not be rescinded by the surety for a defect in the security afforded by the title executed.

Writ of error to the Chancery Court of the First District of the Southern Division.

THE bill alleges that one E. O. Jones, who was dead when the bill was filed, purchased certain lots of land, situate in the city of Mobile, from Joseph Bates, Jr. and William Hale, for

which he gave his notes, indorsed by the complainant, Lyon, dated the 11th January, 1836, and payable on the 11th January, 1839, each for the sum of five hundred and seven dollars and fifty cents, with interest, at the rate of eight per cent. payable annually, and one other note without indorsement, for the sum of one thousand four hundred and thirty-five dollars, with the same rate of interest, payable annually, the principal of which is due the 11th January, 1844.   At the time of giving these notes, Jones executed a mortgage to Hale & Bates for the lots so purchased, to secure the payment.

The bill then proceeds to allege, that the consideration for which the notes indorsed by Lyon, were given, has entirely failed, because the lots sold by Bates & Hale, were held by them under a purchase from Joshua Kennedy, made on the 5th day of August, 1834, and they on the same day, executed a mortgage to Kennedy of the same lots with others, to secure the purchase money agreed to be paid by them, amounting to upwards of twelve thousand dollars, of which either the whole or greater part is yet unpaid.   That the lots sold to Jones, are subject to the incumbrance so created by Bates & Hale to Kennedy, and that no beneficial title has vested in Jones, nor can Bates & Hale, by reason of their said mortgage remaining uncancelled by their negligence, make a perfect and indefeasible legal title, according to the terms of their warranty to Jones. It also alleges, that when the complainant indorsed the said notes to Bates & Hale, he did so in the confident expectation that they would remove the incumbrance so created by them, as by law they were bound, in which event, the mortgage executed to them by Jones, would have availed the complainant as a security to protect him against the liability arising from his indorsement, and that without such reasonable expectation, he would not have indorsed the notes.

The bill also charges one George G. Henry, being then in negotiation for one of the notes so indorsed, and previous to the time when it fell due, inquired of the complainant, if there was any defence against it, and whether it would be paid at maturity.   Whereupon, complainant informed him of the transaction, on which the note was given, the failure of its consideration, and that it would not be paid until the incumbrance thus created by Bates & Hale, was removed : notwithstanding this,

the said Henry purchased the note, and afterwards passed it to J. W. & R. Leavitt, in payment of a debt due from him to them, which debt had been previously contracted. The other note indorsed by the complainant, is charged to be in the possession of Hale. The bill further alleges, that the note thus held by J. W. & R. Leavitt, has been put in suit in the County Court of Mobile county.

The bill prays that Bates, Hale, Henry and J. W. & R. Leavitt, may be made parties defendants, that the suit at law may be enjoined until Bates & Hale shall remove the incumbrance so created by them, and if that is not done within a reasonable time, that the injunction may be made perpetual.

An injunction was allowed by a Circuit Judge, but the Chancellor afterwards dismissed the bill for want of equity.

To reverse this decree, the complainant now prosecutes this writ of error.

HUNTINGTON, for the plaintiff in error, made the following points:

1. Notes given for the purchase of land, carry with them a lien upon the particular land for which they are given, and this lien continues against a purchaser from the vendee with notice. Montague on Lien, 89; Grant v. Mills, 2 Vesey & Beame, 306.

2. An accommodation indorser of notes given for the purchase of lands, is a surety, and is entitled in equity to be subrogated to all the rights of the vendor. Bailey on Bills, 459, and Note; Cullum v. Emanuel & Gaines, 1 Ala. Rep. N. S. 26; Copis v. Middleton, 11 Eng. Cond. Ch. Rep. 168.

3. That when one surety signs under a stipluation that other persons shall be also bound as co-sureties, the obligation is voidable if this stipulation is not complied with; the same principle is conceived to extend to any other stipulation, which if not complied with, will lessen the security or increase the liability of those who thus stipulate. Bibb v. Reed, June Term, 1841; Cullum v. Gaines & Emanuel, 1 Al. Rep. N. S. 26.

4. That when a motion is made to dismiss a bill for want of equity, its allegations must receive a liberal construction, and should not be criticised. Thus in this case, the allegation that the notes were indorsed with the confident expectation that

the incumbrance should be removed, must be considered to charge a stipulation to that effect.

5. That if Bates & Hale have induced the complainant to believe they would remove the incumbrance created by them, and have failed to do it, this neglect impairs the right of the complainant to subrogation, and therefore discharges him.

6. That the defendants, Henry and J. W. & R. Leavitt, are chargeable with notice of the complainant's equities, and therefore stand in the same condition as Bates & Hale. Coddington v. Bay, 20 Johns. 637; Wardell v. Howell, 9 Wend. 173.

CAMPBELL, contra—cited, Palmer v. Bumpass, 1 J. C. R. 213; Abbot v. Allen, 2 ib. 519; Anderson v. Lincoln, 5 Howard, 279; Green v. Finacune, ib. 542 ; Wilson v. Jordan, 3 S. & P. 92; Christian v. Scott, 1 Stew. 490 ; Garrow v. Hallet, 2 Stewart 449.

GOLDTHWAITE, J.—There would be a number of highly important questions to be discussed in this case, if the bill stated a case of fraud. But this is not the ground on which the complainant seeks relief. He insists that inasmuch as the mortgage held by the defendants, Hale & Bates, would enure to his benefit, if he is compelled to pay the notes indorsed by him, he is authorised to demand that they shall be required to remove the incumbrance created by them.

If this could be allowed, the effect would be to introduce a principal into equity jurisprudence which seems to be entirely novel.

It may be conceded for the purposes of this argument, that the complainant is a surety, and furthermore, that as such, he would be entitled to subrogation of the mortgage upon discharging all the debts of Jones, but even this concession does not authorise him to demand additional security to that with which his principal seems to have been satisfied.

The result of introducing such a principle would be to destroy the security which the vendors stipulated for, when they sold the land, and would place the indorser in a condition much more favorable than that occupied by the maker of the note; but the indorser must be content with the security contracted for by the maker, and in a case like this, the vendee can only

resist the payment of the purchase money, when he is evicted by title paramount.

The decree dismissing the bill is affirmed.